IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED ASHFORD, JR., :<br>    Plaintiff : | | |
| : | | No. 1:23-cv-01671 |
| v. : | | |
| : | | (Judge Kane) |
| PRIME CARE MEDICAL, et al., :<br>    Defendants : | | |

**MEMORANDUM**

Plaintiff Alfred Ashford, Jr. ("Plaintiff"), who is presently incarcerated at Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, has commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), claiming that Defendants have violated his constitutional rights while incarcerated there. (Doc. No. 1.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

I.   BACKGROUND

On October 10, 2023, Plaintiff filed his complaint against Defendants DCP and Prime Care Medical ("Prime Care"), which appears to be the corporate health care provider at DCP. (Id. at 1.) Following some initial administrative matters (Doc. No. 4), Plaintiff filed a motion for leave to proceed in forma pauperis and his prisoner trust fund account statement (Doc. Nos. 2, 5).

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996).

The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff asserts very few allegations against Defendants. While incarcerated at DCP, Plaintiff slipped in the medical housing unit on a puddle of water, which was caused by a leak from the "HVAC unit" in the roof. (Doc. No. 1 at 4.) As a result, Plaintiff suffered a collapsed arch and torn ligament in his left foot. (Id.) Plaintiff claims that, on February 1, 2023, "they" were informed of his condition and were also provided his podiatrist's name, Dr. Allen Grossman, as well as the "specifics" for treatment of his foot. (Id.) However, Plaintiff has "yet" to receive treatment. (Id.) This has caused him "additional medical concerns[,]" which Plaintiff contends cannot be "properly addressed" while he is incarcerated at DCP. (Id.) In particular, he cites to a "lack of professionally qualified medical personnel or mentally qualified psychological personnel." (Id.) In connection with these allegations, Plaintiff claims that Defendants violated his "rights to adequate medical treatment" under the Eighth Amendment to the United States Constitution. (Id. at 5.) He seeks injunctive and monetary relief. (Id.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines

2

that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit ("Third Circuit") has identified the following steps that a district court must take when reviewing a Rule

3

12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### III. DISCUSSION

Plaintiff has filed his complaint pursuant to Section 1983, claiming that Defendants violated his Eighth Amendment rights while incarcerated at DCP. (Doc. No. 1.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

4

### A.      Defendant DCP

In his complaint, Plaintiff has named DCP as a Defendant. (Doc. No. 1 at 1.) However, consistent with the standards set forth above, in order for Plaintiff to state a claim under Section 1983, he must allege that a "person" acting under the color of state law deprived him of his constitutional rights. See Rehberg v. Paulk, 566 U.S. 356, 361 (2012). A county jail, such as Defendant DCP, is not considered a "person" for purposes of Section 1983 and, thus, is not subject to suit under that statute. See 42 U.S.C. § 1983; Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016) (unpublished) (finding that a county prison is not a "person" subject to suit under Section 1983 (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973))); Beaver v. Union County Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (unpublished) (same); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (unpublished) (same).[2] Accordingly, the Court concludes that Plaintiff's complaint fails to state a Section 1983 claim upon which relief can be granted against Defendant DCP.

### B.      Defendant Prime Care

In his complaint, Plaintiff has named Prime Care, which appears to be the corporate health care provider at DCP, as a Defendant. (Doc. No. 1 at 1.) The Third Circuit has explained that, in the context of Section 1983, a private company, which is providing health services at a correctional facility, "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." See Natale v. Camden County Corr. Facility, 318

---

[2]  The Court has cited to some non-precedential opinions ("NPOs") from the Third Circuit. The Court notes that these NPOs contain persuasive reasoning and, thus, they have been used as a paradigm of legal analysis. See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (observing that an NPO "is only as persuasive as its reasoning"); Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (looking to a factually similar NPO "as a paradigm of the legal analysis").

F.3d 575, 583 (3d Cir. 2003) (citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)).  Rather, in order for such a company to be held responsible, the plaintiff must show that there was a relevant company policy or custom and that such policy or custom resulted in the asserted constitutional violations.  See id. at 583–84 (citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)).

Thus, the question before the Court is whether Plaintiff has plausibly alleged that Defendant Prime Care had a policy or custom that resulted in a violation of his constitutional rights.  The Court answers this question in the negative because the complaint has not alleged the existence of a policy or custom.  Accordingly, the Court will dismiss Plaintiff's Section 1983 claim against Defendant Prime Care.  See Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (explaining that "[t]o state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue" (citing Natale, 318 F.3d at 583–84); Alexander v. Monroe County, 734 F. App'x 801, 805 (3d Cir. 2018) (unpublished) (explaining that, in order for the administratrix of decedent-prisoner's estate to have established her claim against Prime Care, the corporation providing medical services at the county correctional facility, the administratrix would have had to have shown "'a policy or custom that resulted in the alleged constitutional violations'" (quoting Palakovic, 854 F.3d at 232) (emphasis omitted)).

**C.    Leave to Amend**

The final issue is whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments

to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that it would be futile to afford Plaintiff leave to amend his claim against Defendant DCP, as this Defendant is not subject to suit under Section 1983. However, the Court cannot say that affording Plaintiff leave to amend his Section 1983 claim against Defendant Prime Care would be futile. Thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies of his Section 1983 claim against Defendant Prime Care.

Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Plaintiff's complaint. (Doc. No. 1.)  However, the Court will grant Plaintiff leave to file an amended complaint.  An appropriate Order follows.


                                                                    s/ Yvette Kane
                                                                    Yvette Kane, District Judge
                                                                    United States District Court
                                                                    Middle District of Pennsylvania